[Crim. No. 3449.   First Dist., Div. Two.   July 15, 1958.]

THE PEOPLE, Respondent, v. RICHARD WILSON, Appellant.

L. Thomas Hehir, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was charged with conspiring with one Fred Dalton to violate sections 11500 and 11502 Health and Safety Code and with a substantive violation of section 11502 (agreeing to sell a narcotic and delivering another substance in lieu thereof).   He was found guilty by a jury on both counts.

An agent for the State Narcotics Bureau testified that he

met Dalton in front of a pool hall in San Francisco and asked Dalton if he had any stuff (a common term for narcotics). Dalton said no, but his man Jimmy had some. "He'll take care of you." Dalton pointed to appellant who was standing about 10 feet away inside the pool hall. "Jimmy [appellant] nodded his head in recognition that Dalton had pointed to me and pointed to him . . ." The witness then immediately walked over to appellant, told him that Dalton had sent him and he wanted to purchase some heroin. Wilson said that it would cost $10, the witness gave him $10 and appellant returned in about 20 minutes and gave the witness a package containing a white powder. Chemical analysis established that the powder was not heroin but an innocuous substance.

The only point made on appeal is that the trial court admitted in evidence, over proper objection, the conversation with Dalton without proof of a conspiracy. (Code Civ. Proc., § 1870, subd. 6.)

On the facts of this case the order of proof was unimportant. If the witness had testified that he spoke to Dalton, without giving the conversation, and that Dalton pointed to him and to appellant and appellant then nodded, and had then testified to his conversation and transaction with appellant, prima facie proof of conspiracy would have been made and the foundation for the conversation with Dalton laid. The order of proof did not therefore prejudice appellant. (*People* v. *Ferlin*, 203 Cal. 587, 599 [265 P. 230]; *People* v. *Griffin*, 98 Cal.App.2d 1, 47-48 [219 P.2d 519].)

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.